trial Relations Commission ("the Commission") awarding him seven and one half percent permanent partial disability to the body as a whole. Employee contends that the Commission overlooked credible evidence that would warrant compensation greater than seven and one half percent of the body as a whole. Employee further argues that "the Second Injury Fund is liable to [Employee] for no less than the synergistic effect of permanent partial disability resulting from his work related injuries and his preexisting injury."

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

Dana Tippin Cutler, Dora E. Reid, Kansas City, MO, for appellant.

Randall D. Sherman, Jessica A. Mikale, Hillsboro, MO, for respondent.

Before PATRICIA L. COHEN, C.J., KATHIANNE KNAUP CRANE and LAWRENCE E. MOONEY, JJ.

### ORDER

PER CURIAM.

In this workers' compensation subrogation case, the plaintiff-employer, Okie Moore Diving & Salvage, appeals from the trial court's entry of a directed verdict and judgment in favor of the defendant, Ray Watkins. A written opinion would have no precedential value. We have furnished the parties with a memorandum, for their information only, explaining the reasons for our decision. We affirm the trial court's judgment. Rule 84.16(b)(5).

**OKIE MOORE DIVING & SALVAGE, Appellant,**

v.

**Ray WATKINS, Respondent.**

No. ED 88921.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 4, 2007.

**CITIBROOK II, L.L.C.,**

v.

**MORGAN'S FOODS OF MISSOURI, INC., Respondent.**

No. ED 89397.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 4, 2007.