**CITIBROOK II, L.L.C.,**

v.

**MORGAN'S FOODS OF MISSOURI, INC., Respondent.**

No. ED 89397.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 4, 2007.

Steven M. Cohen, Clayton, MO, for Appellant.

James P. Martin, Michelle L. Clardy, Saint Louis, MO, for Respondent.

## *OPINION*

GLENN A. NORTON, Judge.

Citibrook II, L.L.C. appeals from the grant of summary judgment on Morgan's Foods' declaratory judgment counterclaim, which sought a declaration that a restric-

tive covenant in a deed is invalid. We affirm.

## I. BACKGROUND

In 1982, Citibrook[1] owned real estate and improvements located in the City of St. Louis and numbered as 4300–4318 North Grand Boulevard. During this time, Citibrook operated a shopping center on the property and secured the franchise rights to operate a Kentucky Fried Chicken ("KFC") restaurant at 4318 North Grand Boulevard ("Parcel"). Citibrook continues to operate the shopping center on the property.

Citibrook transferred ownership of the Parcel to Frank and Charles Kirkwood ("Kirkwoods") by a general warranty deed that was recorded on December 20, 1982. The general warranty deed provides in pertinent part that:

Citibrook, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration paid, the receipt of which is hereby acknowledged, does, by these presents, grant, bargain and sell, convey, and confirm unto Kirkwood [sic] the following described real estate, situated in the City of Missouri [sic] and State of Missouri, to wit: [Legal Description of the Parcel.]

... [T]he grantor for itself and its successors in interest forever restricts the above described transfer in the following manner:

1. The use of the described property is hereby restricted to the erection and operation of a Kentucky Fried Chicken store and may be used for no other purpose.... ("Restrictive Covenant").

After purchasing the Parcel, the Kirkwoods acquired the franchise rights to operate a KFC store, and erected and operated a KFC store on the Parcel.

Following a series of transfers, which are irrelevant to this appeal, Morgan's Foods acquired ownership of the Parcel by a general warranty deed recorded on August 2, 1999. From this time until sometime in 2004, Morgan's Foods operated the building on the Parcel as a KFC store.

Morgan's Foods executed a lease for the Parcel with J.J.'s Fish and Chicken of Missouri, L.L.C. in April 2005. Subsequently, a J.J.'s Fish and Chicken restaurant opened on the Parcel, which Morgan's Foods continues to operate.

Citibrook filed a petition for injunctive relief against Morgan's Foods in October 2005, alleging that the Restrictive Covenant prohibits any business from being operated on the Parcel except for a KFC, and requesting the court to issue an injunction to enforce the Restrictive Covenant. In its answer, Morgan's Foods pled several affirmative defenses, including waiver, and asserted a declaratory judgment counterclaim that sought a declaration that the Restrictive Covenant is invalid. Thereafter, Morgan's Foods filed a motion for summary judgment on its counterclaim and on Citibrook's petition, asserting that, *inter alia*, the Restrictive Covenant is void and unenforceable because it violates public policy and constitutes an unreasonable restraint on trade and alienation of property. Citibrook also filed a motion for summary judgment, asserting that Morgan's Foods violated the Restrictive Covenant by operating a J.J.'s Fish and Chicken restaurant on the Parcel. The trial court granted Morgan's Foods' motion for summary judgment and

---

1. Citibrook operated as a partnership from January 26, 1982 until January 16, 1998. From January 16, 1998 until the present, Citibrook has operated as a limited liability company. For purposes of appeal, we will refer to Appellant simply as "Citibrook."

denied Citibrook's motion for summary judgment, finding in relevant part that the Restrictive Covenant is "unenforceable, invalid, void, and of no effect . . . because it is unreasonable on its face, unreasonable in duration, repugnant to trade and commerce, contrary to business interests and endeavors in the area of 4318 North Grand, is not favored by the law, and has the effect of creating a monopoly." Citibrook appeals.

## II.  DISCUSSION

### A.  Standard of Review

Summary judgment is reviewed essentially *de novo* and affirmed only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* We will affirm the trial court's judgment if, as a matter of law, it is sustainable on any theory. *Boatmen's Trust Co. v. Sugden*, 827 S.W.2d 249, 253 (Mo.App. E.D.1992).

### B.  Determination as to Whether the Restrictive Covenant is Invalid

Citibrook presents two points on appeal, the second of which is dispositive. In its second point, Citibrook argues that the trial court erred in granting summary judgment in favor of Morgan's Foods on the grounds that the Restrictive Covenant's duration of "forever" is unreasonable as to time.

### 1.  The Purpose of the Restrictive Covenant

Citibrook contends that the purpose of the Restrictive Covenant "is to provide that a well-recognized, top of the line national franchise will be located at the [Parcel], which has rules and regulations for the upkeep, maintenance and operation of its restaurants."

The rules governing the interpretation and construction of a restrictive covenant on real property are generally the same as those to any contract. *Forst v. Bohlman*, 870 S.W.2d 442, 446 (Mo.App. E.D.1994). The primary rule in the interpretation of a contract is to determine the intent of the parties and give effect to that intent. *Id.* If the parties' intent is expressed in clear and unambiguous language, we will not resort to construction. *Id.*

Additionally, a restrictive covenant can only be reformed upon proof of fraud or mistake. *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 314 (Mo.App. E.D. 1981). Without proof of fraud or mistake, a covenant's clear and unambiguous language limits this Court's authority and we may not rewrite the agreement. *Id.*

We find that Citibrook's alleged purpose is not expressed in the language of the covenant itself, which states: "The use of the [Parcel] is hereby restricted to the erection and operation of a Kentucky Fried Chicken store and may be used for no other purpose." We find that this language is clear and unambiguous.[2] Additionally, because Citibrook does not assert fraud or mistake, we may not rewrite the Restrictive Covenant to incorporate any other purpose except stated in its express language: to restrict the use of the Parcel to the erection and operation of a KFC store and for no other use.

---

**2.** Although Citibrook does not allege that the language is ambiguous, we find that it necessary to make this determination because Citi-

brook asserts that the Restrictive Covenant has an unstated purpose.

## 2. The Restriction Against the Use of the Parcel "Forever"

Turning now to the duration of the Restrictive Covenant, it "forever" restricts the use of the Parcel to the erection and operation of a KFC store and for no other use.

■ We strictly construe restrictive covenants and "any doubt as to their validity is to be resolved in favor of the free use of the property." *Hall v. American Oil Co.,* 504 S.W.2d 313, 317 (Mo.App.1973). A restrictive covenant will not be upheld unless it is clear that the restriction against the use of land is, *inter alia,* "reasonable as to time." *Id. quoting Dean v. Monteil,* 361 Mo. 1204, 239 S.W.2d 337, 340 (Mo.1951).

■ Citibrook argues that the trial court should have implied a reasonable duration for the Restrictive Covenant, such as when KFC is no longer a viable franchise or when the shopping center near the Parcel no longer exists. But Citibrook did not raise this theory in its motion for summary judgment or responses thereto and is raising it for the first time on appeal. Thus, we may not consider this argument. See *Heffernan v. Reinhold,* 73 S.W.3d 659, 663 (Mo.App. E.D. 2002) (finding that our Court can only consider those issues and theories properly raised in a party's motion for summary judgment and the responses thereto).

■ Citibrook also asserts that the indefinite time duration "forever" in this case should be upheld under *Hall,* 504 S.W.2d 313. *Hall* involved an appeal from a trial court's order dismissing the plaintiffs' petition for failure to state a claim. *Id.* at 314. The plaintiffs wanted to enter into a lease with Shell Oil Company to construct an auto filling station on the plaintiffs' land. *Id.* at 315. The plaintiffs owned land adjacent to land owned by American Oil Company and also owned an instrument that contained a restrictive covenant. *Id.* The restrictive covenant stated in relevant part: "Land use [is] hereby restricted against the erection and operation of an Auto Gas Filling Station and the dispensing and sale of Petroleum Products ... for as long as an Auto Filling Station shall be operated on [American Oil Company's] property." *Id.* at n. 1. One issue on appeal was whether that restrictive covenant was valid. *Id.* at 314. The court of appeals found that the time limitation "as long as an Auto Filling Station shall be operated on" was not necessarily oppressive, reasoning that it "can be compatible with the purposes of the covenant and in many instances [is] less onerous ... than a restriction for [a large number of] years where the purpose of the restriction ceases to exist...." *Id.* at 318. In reversing the motion to dismiss the plaintiffs' petition, the court found that whether the time limitation was proper would ultimately depend upon the facts and evidence presented on remand. *Id.* at 314–15, 318.

We find that *Hall* is distinguishable, yet instructive, for two reasons. First of all, although not directly stated by the court in *Hall,* the indefinite time limitation "as long as an Auto Filling Station shall be operated on [American Oil Company's] property" and the restrictive covenant's purpose of preventing the plaintiffs from operating an auto filling station on their property could be compatible in that case because they involved the same subject matter and were directly related to one another. In contrast, in this case, the indefinite time limitation "forever" and the Restrictive Covenant's purpose, i.e., to restrict the use of the Parcel to the erection and operation of a KFC store and for no other use, do not involve the same subject matter and are not directly related. Thus, we find that the indefinite time limitation "forever" is

not compatible with the purpose of the Restrictive Covenant in this case.

Moreover, although the time limitation in *Hall* was itself indefinite, there was still a potential end to the Restrictive Covenant: if American Oil Company ceased to operate an auto filling station on its property, the plaintiffs would no longer be restricted from erecting and operating a filling station and dispensing and selling petroleum products on their property. So in *Hall*, the indefinite time limitation could have been less onerous than a restriction for a large number of years. But since there is no potential end to "forever," it is impossible for the indefinite time limitation in this case to be less onerous than a restriction for a large number of years.

Because we hold that the duration "forever" is unreasonable as to time, the Restrictive Covenant is invalid. Therefore, the trial court did not err in granting summary judgment in favor of Morgan's Foods. Point two is denied.[3]

## III. CONCLUSION

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J. and
CLIFFORD H. AHRENS, J., concur.

---

3. Because this point is dispositive of this appeal, it is unnecessary for us to address Citibrook's first point on appeal.