**David PETERS, Appellant,**

v.

**Gilbert L. PETERS, Jr., Individually and Janet M. Trent, Respondents.**

**No. ED 94219.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 31, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 13, 2010.

Application for Transfer Denied Nov. 16, 2010.

---

**50**

Mark Wenner, Clayton, MO, for appellant.

Peter Gianino, Jr., Clayton, MO, for respondents.

NANNETTE A. BAKER, Judge.

### Introduction

David Peters ("David")[1] appeals from the trial court's grant of summary judgment on his petition for an accounting of the Gilbert L. Peters and Marcella K. Peters Revocable Living Trust ("Peters Trust") and a declaratory judgment. On appeal, David claims that the trial court erred in granting summary judgment because he was a lawful beneficiary of his father's trust, and that the trial court erred in finding that the Peters Trust was still revocable after Marcella Peters ("Marcella")'s death. We affirm in part and reverse and remand in part.

### Factual and Procedural Background

Gilbert and Marcella Peters established a revocable living trust on February 5, 1991. The parties were named as joint trustees with the survivor to continue as sole trustee upon the death of either person, and Gilbert Peters Jr. ("Gilbert Jr.") appointed as successor trustee. On June 21, 1991, Gilbert Peters Sr. ("Gilbert Sr.") and Marcella conveyed their personal interest in a piece of property in Morgan County to the Peters Trust. In 1992, the parties amended the Peters Trust to provide that the successor trustee shall pay any assets held to a beneficiary over age 35 who has survived the sole trustee.

Marcella died December 24, 1995. On March 8, 2002, Gilbert Sr. conveyed the

---

1. Although we use the parties' first names to avoid confusion, we do not mean to be disrespectful.

same Morgan County property from the Peters Trust to himself as an individual. On November 1, 2004, Gilbert Sr. executed a beneficiary deed that identified Gilbert Jr. as the beneficiary of the Morgan County property upon Gilbert Sr.'s death. Gilbert Sr. amended the Peters Trust again in 2002, 2006 and 2007. On January 14, 2008, the probate division of the St. Louis County Circuit Court found Gilbert Sr. to be incapacitated and disabled by reason of dementia, and named Gilbert Jr. as conservator of the Peters Trust. David sought accounting and other documentation in connection with the Peters Trust from Gilbert Jr. after he was appointed successor trustee in January 2008.

On October 27, 2008, David filed his first amended petition in equity, seeking a declaratory judgment that, among other things, the Peters Trust became irrevocable upon the death of Marcella and that David was a qualified beneficiary of the Trust. He claimed that, as a qualified beneficiary, he was entitled to an accounting. On April 30, 2009, Gilbert Jr. filed a motion for partial summary judgment on these counts. On August 24, 2009, the trial court granted summary judgment on the above counts.[2] This appeal follows.

### Standard of Review

Whether a motion for summary judgment should be granted is a question of law and our review is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes the absence of any genuine issue of material fact and a legal right to judgment. *Id.* at 378. We will review the record in the light most favorable to the party against whom judgment has been entered. *Id.* at 376.

Facts set forth by affidavit or otherwise in support are taken as true unless contradicted by the non-moving party's response. *Id.* We will affirm the trial court's judgment if it is sustainable on any theory. *Id.* at 387–88; *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631, 634 (Mo.App. E.D.2007).

A moving party who is a defendant:
establish[es] a right to judgment by showing (1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the [defendant], each establishes a right to judgment as a matter of law.

*ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

### Accounting

■ In his first point relied on, David claims that the trial court erred in finding that he was not entitled to an accounting by the successor trustee because the settlor had previously been adjudicated incapacitated and disabled by the St. Louis County Circuit Court Probate Division. We agree.

In *Siefert v. Leonhardt*, this court held that a beneficiary who has a future contingent interest in trust property has standing to bring a cause of action for an accounting against the trustee. 975 S.W.2d 489, 492 (Mo.App. E.D.1998). The *Siefert* court further held that, "this rule of law,

**2.** On January 14, 2010, the trial court dismissed Counts II and III of David's First

Amended Petition.

which all of the leading authorities on trust law follow, is premised on the strong policy consideration of ensuring that someone has the power to enforce the trustee's fiduciary duties." *Id. See also* Restatement (Second) of Trusts Sec. 172, *cmt. C.*

Here, it is undisputed that Gilbert Sr. was adjudicated incapacitated and disabled. Section 456.6–603 [3] provides, in pertinent part:

1. While a trust is revocable and the settlor has capacity to revoke the trust, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor.

2. A settlor is presumed to have capacity for the purposes of subsection 1 of this section until either the settlor is adjudicated totally incapacitated or disabled or the trustee has received an affidavit of incapacity.

In this case, Gilbert Sr. was adjudicated totally incapacitated and disabled on January 14, 2008. Therefore, Section 456.6–603(1) is not applicable and the duties of the trustee of the Peters Trust are no longer owed exclusively to the settlor, but also to the beneficiaries of the trust. Here, it is also undisputed that David is a beneficiary of the trust. A "beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust." *In re Marriage of Busch,* 310 S.W.3d 253, 263 (Mo.App. E.D.2010) (citing RESTATEMENT (SECOND) OF TRUSTS, *supra,* at § 173 cmt. c.) As a beneficiary, David is entitled to an accounting of the Peters Trust. Point one is granted. Point two is moot and need not be discussed.

### Revocable Trust

In his third point relied on, David claims that the trial court erred in finding that the Peters Trust is revocable because he contends that the joint trust became irrevocable upon the death of the first settlor, Marcella. He argues that the deeds on the Morgan County property that were executed after Marcella's death were therefore void.

According to its definition in Section 456.1–103(22), " 'revocable,' as applied to a trust, means that the settlor has the legal power to revoke the trust without the consent of the trustee or a person holding an adverse interest, regardless of whether the settlor has the mental capacity to do so in fact." "The settlor has power to revoke the trust if and to the extent that by the terms of the trust he reserved such a power." RESTATEMENT (SECOND) OF TRUSTS § 330 (1959). *See also Kimberlin v. Dull,* 218 S.W.3d 613, 616 (Mo. App. W.D.2007).

The paramount rule of construction in determining the meaning of a trust provision is that the grantor's intent is controlling. *Kimberlin,* 218 S.W.3d at 616. The Peters Trust unambiguously states that Marcella and Gilbert Sr. intended for the trust to be revocable as long as one of them was still alive.

David argues that the language in Section C(2) of the Peters Trust applies only while both settlors are alive: "We reserve unto ourselves the right at any time during our lifetime to amend or revoke in whole or in part the trust hereby created without the necessity of obtaining the consent of the beneficiaries and without giving notice to the beneficiaries." He contends that the words "our lifetime" support his argument that the right to revoke existed only before one of the settlors, in this case, Marcella, died. We disagree.

To construe the language of Section C(2) as David does, wholly ignores the provision in Section B(2) of the Peters Trust, which

---

**3.** All statutory references are to RSMo.2000, unless otherwise indicated.

provides that: "Upon the death of one of us, the survivor shall continue as Sole Trustee, with all of the powers and discretions conferred upon us as Joint Trustees."

The Peters Trust explicitly allowed the joint trustees the power to revoke the trust at any time via the language in Section C(2). Section B(2) unambiguously provides that the surviving sole trustee has all the powers of the joint trustees. The trial court did not err in finding that the Peters Trust was revocable. Point denied.

### Conclusion

For the foregoing reasons, that part of the judgment of the trial court concerning the accounting is reversed and remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.