**In re: STEPHEN M. GUNTHER REVOCABLE LIVING TRUST**

**Angel Gunther, Next Friend, et al., Plaintiffs/Appellants,**

**v.**

**J. Barry Gunther, Defendant/Respondent.**

**No. ED 96088.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 4, 2011.

Joseph R. Burcke, St. Louis, MO, for appellants.

Gregory P. Zitko, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The plaintiffs, beneficiaries Alton Gunther and Adam Gunther, by their next friend Angel Gunther, appeal the summary judgment entered by the Circuit Court of St. Louis County against them and in favor of the defendant, trustee J. Barry Gunther. Because the trustee owed no duty to the beneficiaries prior to the settlor's death, they are not entitled to an accounting of trust transactions prior to that date. We affirm the trial court's judgment.

On June 3, 1997, the settlor, Stephen M. Gunther, established the Stephen M. Gunther Revocable Living Trust. The settlor named J. Barry Gunther as the initial trustee. On February 10, 2006, the settlor amended the trust, naming himself as trus-

tee and changing the residuary beneficiary upon his death to his then-living descendants, subject to a contingent trust for any beneficiaries under the age of 25. The settlor died on March 6, 2009, leaving his wife, Angel Gunther, and the two minor children, the beneficiaries Alton and Adam Gunther.

One year after the settlor's death, the beneficiaries filed a petition for accounting, enforcement of trust, and removal of trustee. They sought an accounting of the trust from its inception on June 3, 1997 until its amendment on February 10, 2006, and from the settlor's death on March 6, 2009 to date. The beneficiaries also sought an accounting of a real-estate purchase the settlor made, possibly with trust funds, while he served as trustee. Assuming that the trustee had breached a duty to the beneficiaries, the beneficiaries also sought reimbursement from the trustee for sums owed the trust, declaration of a constructive trust to hold the real estate the settlor had purchased, removal of the trustee, appointment of the beneficiaries' next friend as trustee, and attorney's fees and costs.

■ As a preliminary matter, we conclude that the judgment entered by the trial court constitutes a final, appealable judgment. By concluding that the trustee had no fiduciary relationship with the beneficiaries before the settlor's death, the judgment thus effectively disposed of all issues and all parties in the case, leaving nothing for future determination. *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). Therefore, we deny the trustee's motion to dismiss for lack of a final judgment.

On appeal, the beneficiaries assert that the trial court erred in granting summary judgment because the court erroneously declared and applied the law when it determined that they were not entitled to an accounting of the trust's transactions since its inception.[1]

Summary judgment allows a trial court to enter judgment for the moving party where the party demonstrates a right to judgment as a matter of law based on facts about which there is no genuine dispute. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* When considering an appeal from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *Id.*

The Missouri Uniform Trust Code, section 456.1–101 *et seq.* RSMo. (Supp.2010), became effective January 1, 2005.[2] Section 456.11–1104. The Missouri Uniform Trust Code generally applies to all trusts created before, on, or after January 1, 2005, and to all judicial proceedings concerning trusts commenced on or after that date. Section 456.11–1106. A trustee shall keep the qualified beneficiaries reasonably informed about the trust's administration and of the material facts necessary for the beneficiaries to protect their interests. Section 456.8–813.1(1). Other subsections of section 456.8–813 set forth more specifically the trustee's reporting obligations.

■ In their petition, the beneficiaries prayed for an accounting from the date of the trust's inception to the date the settlor became trustee, and from the date of the settlor's death to the present. The question here, then, is not whether the benefi-

---

1. The beneficiaries' first point asserts no claim of error, but rather sets forth our standard of review. As such, the point provides nothing for our consideration.

2. All Missouri statutory references are to RSMo. (Supp.2010).

ciaries are entitled to receive current information from the trustee since the date of the settlor's death. *See Peters v. Peters,* 323 S.W.3d 49, 52 (Mo.App. E.D.2010)(holding that as a beneficiary, appellant was entitled to accounting of trust). Rather, the question is whether the beneficiaries are entitled to an accounting reaching back to the trust's inception, and covering the many years when the settlor still lived and the trust was revocable.

We find no Missouri case addressing this precise question since enactment of the Missouri Uniform Trust Code. Section 456.6–603.1, however, provides that "[w]hile a trust is revocable and the settlor has capacity to revoke the trust, rights of the beneficiaries are subject to the control of, *and the duties of the trustee are owed exclusively to, the settlor.*" (Emphasis added). Section 603 of the Uniform Trust Code, from which Missouri derives section 456.6–603, generally provides that while a trust is revocable, all rights that the beneficiaries would otherwise possess are subject to the settlor's control. Unif. Trust Code sec. 603 cmt. (amended 2004), 7C U.L.A. 554 (2006). "Pursuant to this section, the duty under Section 813 to inform and report to beneficiaries is owed to the settlor of a revocable trust as long as the settlor has capacity." *Id.* at 553.

The Missouri comment further clarifies that while a settlor has capacity to revoke a trust, he or she is treated as the sole beneficiary. 4C Mo. Practice Series, Trust Code & Law Manual sec. 456.6–603 cmt. at 219 (2010–11 ed.). Thus, the effect of this section is to remove any duty the trustee may have to any other beneficiary. *Id.* "For example, *but for section [456.6–*

603.1],[3] a trustee has to provide any information to any beneficiary or respond to a beneficiary's request for information under section 813." *Id.* (emphasis added).

Although it has no precedential value, we find persuasive the reasoning of *Ex parte Synovus Trust Co.,* 41 So.3d 70, 74 (Ala.2009). In *Synovus,* the parents—settlors and beneficiaries of two revocable trusts—and their children—also beneficiaries of the two trusts—sued the trustee and other defendants for breach of fiduciary duty and other claims. 41 So.3d at 72–73. Citing Alabama's similar version of section 603(a) of the Uniform Trust Code, the Alabama Supreme Court issued a writ of mandamus ordering the trial court to dismiss the breach of fiduciary duty claims of the children.[4] *Id.* at 74–75. The Alabama Court reasoned that regardless of whether the children suffered injury to their rights as trust beneficiaries as a result of the defendants' conduct, those rights were subject to control of the settlors—the parents—while the trusts were revocable, and the defendants owed fiduciary duties *exclusively* to the settlors during that time. *Id.* at 74 (emphasis in original). The Alabama Court concluded that the children's causes of action for breach of fiduciary duty did not seek redress for legally protected rights, and thus the children lacked standing to assert those claims. *Id.*

Similarly in this case, the trial court determined that the trustee had no fiduciary relationship with the beneficiaries until the death of the trust's settlor, and thus the trustee had no duty to account to the beneficiaries before that date. The court also determined that the trustee had pro-

---

**3.** Unif. Trust Code sec. 603(a).

**4.** Alabama Code 1975, sec. 19–3B–603(a) differs only slightly from Missouri's statute, and provides that "[w]hile a trust is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor."

vided the beneficiaries with all of the information to which they were otherwise entitled.

The trial court properly granted summary judgment to the trustee. Pursuant to section 456.6–603.1, the trustee owed his duty *"exclusively"* to the settlor (emphasis added). The trustee owed no duty to the beneficiaries prior to the settlor's death on March 6, 2009. Because the trustee owed no duty to beneficiaries Alton and Adam Gunther prior to the settlor's death, they are not entitled to an accounting of trust transactions prior to that date. We affirm the trial court's judgment.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.