

# In the Missouri Court of Appeals
## Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| JESSE CURTIS, | ) | No. ED101485 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | |
| RICHARD JAMES | ) | |
| | ) | |
| and | ) | Honorable Michael T. Jamison |
| | ) | |
| SHARON JAMES, | ) | |
| | ) | |
| Defendants/Respondents. | ) | Filed: March 31, 2015 |

## Introduction

Jesse Curtis (Appellant) appeals from the circuit court's entry of summary judgment in favor of Richard James and Sharon James (collectively Respondents) on Appellant's petition seeking relief under the Missouri Uniform Fraudulent Transfer Act, Sections 428.005 to 428.059 (the Act).[1] We reverse and remand.

## Factual and Procedural Background

In a lawsuit pending in the circuit court of Camden County, Appellant alleged he sustained personal injuries on June 1, 2012, while riding as a passenger on a motorized

---

[1] All statutory references are to RSMo 2006, unless otherwise indicated. In 1992, Missouri adopted, with slight variations, the Uniform Fraudulent Transfer Act.

all-terrain vehicle while on Respondents' real property (underlying lawsuit or Camden County action).

On October 8, 2012, the Respondents created the James Family Trust (Trust), and subsequently transferred assets owned by them into the Trust.

On January 23, 2013, Appellant filed his petition in the underlying lawsuit against Respondents for his alleged injuries.

On October 23, 2013, Appellant filed the instant action against Respondents, individually and as trustees for the Trust, pursuant to the Act seeking a judgment voiding the transfers Respondents made to the Trust after June 1, 2012; attaching said assets; entering a lien in favor of Appellant against all assets in the Trust; appointing a receiver to take charge of the assets; and entering an injunction prohibiting further disposition of Respondents' assets.

On November 27, 2013, Appellant dismissed Sharon James from the underlying lawsuit and added Jeffrey Cole James as a defendant. Appellant also amended his petition, setting forth two counts: Count I against Richard James for negligent entrustment of a motorized vehicle to Jeffrey Cole James, and Count II against Jeffrey Cole James for negligence in the operation of the motorized vehicle. This action is pending in the circuit court of Camden County. Appellant does not currently have a lien or judgment against Richard or Sharon James, individually or jointly.

On February 2, 2014, Respondents filed a motion for summary judgment in the instant case and Appellant filed a response. On April 22, 2014, the circuit court entered summary judgment in favor of Respondents finding Appellant was not a creditor with a fraudulent transfer claim under the Act because he had not reduced his personal injury

2

claim to a judgment or lien against Richard James in the Camden County action and could not obtain a judgment against Sharon James, who was no longer a party to the Camden County action. The circuit court also found Respondents' jointly owned real property which was conveyed to the Trust was held as tenants by the entirety and, thus, was not an "asset" under the Act that could be subjected to Appellant's claim against only one joint owner. This appeal follows.

## Point on Appeal

On appeal, Appellant argues the circuit court erred in granting summary judgment in favor of Respondents on his claim under the Act, in that the court erred in (1) not dismissing Respondents' motion for failing to comply with Rule 74.04[2]; (2) interpreting the facts and applying the law because the court required Appellant to obtain a judgment before allowing him to proceed under the Act; and (3) finding that the property conveyed to the Trust was held as tenants by the entirety because such finding was not supported by the record.[3]

## Standard of Review

We review the circuit court's grant of summary judgment *de novo*. ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Whether to grant summary judgment is purely an issue of law. Ashford Condo., Inc. v. Horner & Shifrin, Inc., 328 S.W.3d 714, 717 (Mo. App. E.D. 2010). We will uphold summary judgment on appeal only where there is no genuine issue of material fact and

---

[2] All rule references are to Mo. R. Civ. P. 2014.
[3] Appellant's brief fails to comply with Rule 84.04 in that his single point on appeal contains multiple claims of error. In some cases, a brief may be so deficient that it precludes appellate review. Nicholson v. Transamerica Occidental Life Ins. Co., 144 S.W.3d 302, 305 (Mo. App. W.D. 2004). However, we prefer to dispose of a case on its merits rather than to dismiss for deficiencies in the brief. Lueker v. Mo. W. State Univ., 241 S.W.3d 865, 867 (Mo. App. W.D. 2008). Although Appellant's brief contains some deficiencies, it is not so deficient that it precludes our review.

the movant is entitled to judgment as a matter of law. ITT Comm. Fin. Corp., 854 S.W.2d at 376; Rule 74.04(c). The record is viewed in the light most favorable to the party against whom judgment was entered. Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc., 239 S.W.3d 631, 634 (Mo. App. E.D. 2007). "Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion." Premier Golf Missouri, LLC v. Staley Land Co., LLC, 282 S.W.3d 866, 871 (Mo. App. W.D. 2009).

Discussion

A defendant, as the movant, can establish a prima facie case for summary judgment by showing any of the following: (1) facts that negate any one of the elements of a claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support movant's properly pleaded affirmative defense. Sloss v. Gerstner, 98 S.W.3d 893, 896 (Mo. App. W.D. 2003). We will affirm the trial court's judgment if it is sustainable on any theory. Citibrook, 239 S.W.3d at 634.

Section 428.024 of the Act, titled "Transfers fraudulent as to present and future creditors," provides in relevant part:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

4

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

…

2. In determining actual intent under subdivision (1) of subsection 1 of this section, consideration may be given, among other factors, to whether:

(1) The transfer or obligation was to an insider;
(2) The debtor retained possession or control of the property transferred after the transfer;
(3) The transfer or obligation was disclosed or concealed;
(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) The transfer was of substantially all the debtor's assets;
(6) The debtor absconded;
(7) The debtor removed or concealed assets;
(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Whether a conveyance was made with fraudulent intent is a question of fact. Filip v. Bucurenciu, 129 Cal. App. 4th 825, 834 (2005).

The Act provides that a "debtor" is a person who is liable on a claim and that a "creditor" is a person who has a claim. Section 428.009(6), (4). A "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Section 428.009(3). Thus, under the plain language of the statute, a creditor is not required to obtain a judgment in order to pursue an action under the Act and the circuit court misapplied the law in requiring otherwise.

There is limited Missouri precedent interpreting the Act and no Missouri precedent interpreting the definition of a "claim" under the Act. The interpretation of

5

other courts can provide guidance in analyzing an act based upon a uniform act. See Thompson v. Hanson, 174 P.3d 120, 126 (Wash. App. 2007) (explicit purpose of the Uniform Fraudulent Transfer Act is uniformity; the interpretation of the other courts provide guidance). This Court's holding that a creditor is not required to obtain a judgment before pursuing an action under the Act is consistent with the interpretations of other jurisdictions that a pending or threatened lawsuit is a "claim" under the Uniform Fraudulent Transfer Act or similar state provisions. See Tolle v. Fenley, 132 P.3d 63, 66 (Ut. App. 2006) (under the broad definition of "claim" under the Uniform Fraudulent Transfer Act, a party was a creditor when her claim had arisen through a threat of civil action even though her claim was not reduced to a judgment at the time of the transfer); Baker v. Geist, 321 A.2d 634, 636 (Pa. 1974) (a "claim" that can be matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent does not require a judgment); Bishop v. Patton, 706 S.E.2d 634, 640 (Ga. 2011) (holder of contingent tort claim may be a protected creditor); In re Advanced Telecomm. Network, Inc., 490 F.3d 1325, 1335 (11th Cir. 2007) (pending litigation is a prototypical contingent liability and thus a "claim" for determining insolvency); and United States v. Green, 201 F.3d 251, 257 (3d Cir. 2000) (awareness of probable legal action against a debtor amounts to a debt for purposes of determining solvency).

The comments to the Uniform Fraudulent Transfer Act further support this holding, emphasizing that "[a]n important reform effected by the Uniform Act was the elimination of any requirement that a creditor have obtained a judgment or execution returned unsatisfied before bringing an action to avoid a transfer as fraudulent." U.F.T.A. Refs & Annos (1984). See also, U.F.T.A. § 7. Remedies of Creditors, cmt. (4) (creditor

6

not required to obtain judgment again debtor in order to proceed under the Uniform Act). The comments assert that under the Uniform Act's definitions of "creditor" and "claim," which are identical to those in the Missouri Act, the holder of an unliquidated tort claim or a contingent claim may be a protected creditor. U.F.T.A. § 1. Definitions, cmt. (4).

In addition to misinterpreting the requirements of the Act, the trial court's finding that summary judgment was proper because the Trust assets consisted of real property owned by Respondents as tenants by the entirety, and therefore not subject to Appellant's claim against only one joint owner under the Act, was also in error.

Section 428.009(2)(c) states that an "asset" is property of a debtor but does not include "[a]n interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant." In this case, Appellant's dismissal of Sharon James from the underlying lawsuit means he cannot collect against any assets held in tenancy by the entirety for any individual liability of Richard James. However, the summary judgment record demonstrates that Sharon James was dismissed from the lawsuit without prejudice, thereby theoretically allowing Appellant to refile suit against her and potentially obtaining a judgment against Respondents jointly.[4] See Rickner v. Golfinopoulos, 271 S.W.3d 32, 34 (Mo. App. W.D. 2008) (discussing voluntary dismissal and refiling).

Even in the event suit is not refiled against Sharon James, Respondents have failed to demonstrate that the Trust contains only exempt property. Respondents asserted as an undisputed material fact that they created the Trust and subsequently "Richard James and Sharon James transferred assets owned by them into the Trust." In support of

---

[4] There is a dearth of information before this Court regarding Sharon James's dismissal from the lawsuit and whether Appellant has refiled or has attempted to refile suit against her. Nothing in this opinion attempts to speak to any question regarding whether any such attempt was properly executed.

their motion for summary judgment, they attached affidavits, a copy of the Trust, and certain deeds. While it is true that the attached quitclaim deeds indicate that certain real property transferred by Respondents to the Trust may have been owned as tenants by the entirety,[5] the summary judgment record does not lend itself to a finding that the Trust was funded exclusively by property held as tenants by the entirety.

The undisputed statement of facts simply states that Respondents "transferred assets owned by them into the Trust" and it is not clear that Respondents only transferred property held as tenants by the entirety into the Trust. In addition to the Trust, Respondents executed a Declaration of Trust and an Assignment of Personal Property. These documents provide as follows:

> Declaration of Trust
> We, Richard M. James and Sharon K. James, hereby declare that all assets of every kind and description and wheresoever situated which we jointly or individually presently own or hereafter acquire…including, by way of illustration and not limitation, all real property, investments, bank accounts, etc….are transferred to and the same shall be owned by: The James Family Trust.

> Assignment of Personal Property:
> We, Richard M. James and Sharon K. James, hereby declare that all articles of personal and household use and ornament of every kind and description and wheresoever situated which we presently own or hereafter acquire…including, by way of illustration and not limitation, all automobiles, club memberships, china, digital assets…glass, clothing, jewelry, precious stones, furniture, rugs, paintings and other works of art, books, silverware, etc…are transferred to and the same shall be owned by: The James Family Trust.

The Trust provides that it is Respondents' "intention that all property transferred to [the Trust], and the proceeds of such property shall continue to retain the same

---

[5] Respondents attached seven quitclaim deeds transferring ownership from "Richard M. James, a married person, and Sharon K. James, his wife" or "Richard M. James and Sharon K. James, husband and wife" to the Trust. See Nelson v. Hotchkiss, 601 S.W.2d 14, 17 (Mo banc. 1980) (conveyance to a husband and wife as joint grantees ordinarily creates a tenancy by the entirety).

character as the separate property of either spouse or as the jointly owned property of both spouses…that such property had immediately prior to being transferred to the [T]rust."

A review of the Trust documents, as submitted by Respondents in support of their motion for summary judgment, reveals that Respondents did, in fact, transfer more than the property represented in the quitclaim deeds into the Trust, and that this property has retained its characterization as either separate or joint property following the transfer. As such, the circuit court erred in entering summary judgment in favor of Respondents because there is a genuine issue of material fact as to whether the Trust contains any assets that can be subjected to Appellant's claim.

The circuit court erred in granting summary judgment in favor of Respondents because the court misinterpreted requirements of the Act, there remain genuine issues of material fact, and Respondents are not entitled to judgment as a matter of law.

<u>Conclusion</u>

The circuit court's judgment granting Respondents' Motion for Summary Judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

_Sherri B. Sullivan_
Sherri B. Sullivan, J.

Angela T. Quigless, C.J., and
Patricia L. Cohen, J., concur.

9