**IN the INTEREST OF: Baby Girl ARNOLD, Plaintiff,**

**Juvenile Officer, Respondent,**

v.

**Timothy Arnold and Royce Arnold, Appellants.**

**WD 80474**

Missouri Court of Appeals, Western District.

Opinion filed: October 24, 2017

Rehearing Denied November 16, 2017

Sophia R. Bond, for Respondent.

Tracey T. Chappell, for Appellants.

Before Division Three: Victor C. Howard, Presiding Judge, Alok Ahuja, Judge and Anthony Rex Gabbert, Judge

## VICTOR C. HOWARD, JUDGE

Royce Jackson (Mother) and Timothy Arnold (Father) appeal from a judgment of the family court division of the circuit court assuming jurisdiction over Baby Girl Arnold. They contend that the circuit court erred in asserting jurisdiction over the child under section 211.031.1 [1] and the UC-CJEA because the child was neither a resident of nor found within Jackson County, Missouri, her home state was that of Kansas, and Kansas had jurisdiction over her. The judgment is affirmed.

### Factual and Procedural Background

On or about October 29, 2016, Mother gave birth to Baby Girl Arnold at a hospital in Johnson County in the state of Kansas. On or about November 1 or 2, 2016, the Johnson County, Kansas district court placed her in protective custody of the Kansas Department for Children and Families (DCF). The child was placed with a relative in Kansas.

On November 4, 2016, the Jackson County, Missouri juvenile officer filed a petition alleging that the child is without proper care, custody, and support pursuant to section 211.031.1. Specifically, the petition alleged that Mother and Father neglect the child in that they have a pattern of neglect regarding the child's two siblings, who are under the jurisdiction of the circuit court due in part to Mother's and Father's physical abuse of one sibling and their neglect of the siblings, and they have failed to rectify the circumstances that brought the siblings under the jurisdiction of the court. The petition further alleged that just prior to the birth of the child, Mother and Father attempted to evade Children's Division by going to Nebraska in an attempt to deliver the baby then going to Kansas and delivering the baby there.

On November 9, 2016, the circuit court held a protective custody hearing. Mother and Father did not attend the hearing, but their attorneys did. The circuit court placed the child in protective custody and in the temporary legal custody of the Children's Division. It determined that removal of the child was necessary because Mother and Father were provided services in the siblings' cases and had not safely achieved reunification with the siblings at the time. The court also cited concerns about Mother's mental health, parenting abilities, and physical abuse of the child's sibling and the parents' attempt to conceal Mother's pregnancy of the child from the Children's Division and the court. The circuit court also issued a capias for the child.

Shortly thereafter on the same day, the Johnson County, Kansas district court released custody of the child for the following reason, "Court involvement in Kansas is no longer necessary. The child has been placed in Missouri State custody where her siblings are already in custody."

On January 9, 2017, an adjudication and disposition hearing was held on the petition. The circuit court granted leave to file an amended petition. The amended petition again alleged that the child is without proper care, custody, and support pursu-

---

1. All statutory references are to RSMo 2016 unless otherwise indicated.

ant to section 211.031 repeating the allegations made in the original petition. It further alleged that both Mother and Father have pending criminal charges for the class B felony of abuse or neglect of a child in Jackson County related to the abuse of one of the child's siblings.

After hearing evidence, the circuit court entered judgment on January 13, 2016, sustaining the allegations in the first amended petition, finding the child is in need of care, and assuming jurisdiction of the child. It found that Mother and Father failed to respond to the petition or appear at the adjudication and disposition hearing although notified by certified mail to their address at 4227 Paseo in Kansas City. It also found that the child's siblings are under the jurisdiction of the court due to physical abuse and neglect and that the circumstances leading to jurisdiction have not been rectified. It found that Mother "exhibits bizarre, delusional and aggressive behavior indicative of an untreated mental illness" and "has a history of violent behavior." Father "physically abused this child's sibling and has not addressed his parenting deficits as to discipline, empathy or an understanding of child development." Additionally, the circuit court found that both parents "have absconded with the child and her safety is at serious risk. The mother took the child in violation of a valid court order and both she and the child's whereabouts remain unknown." Furthermore, it found that there is an active warrant for Mother's arrest in her criminal case, and Father is precluded from contact with children under the age of seventeen pursuant to a criminal bond and is complicit in the mother's hiding of the child from the state and the court. Finally, the court found, "Both parents have made no progress in over a year in addressing the barriers to reunification identified in this child's sibling matters," and "failed to participate in services and have obstructed the Children's Division in the provision of reasonable efforts as to services."

In the meantime, Mother and Father filed a motion to dismiss arguing that under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the circuit court does not have proper jurisdiction over the child because Kansas is her home state. The circuit court subsequently denied the motion to dismiss.

Thereafter, Mother and Father filed a notice of appeal to this court. The form was completed in its entirety except for Mother and Father's address, which was left blank.

On March 13, 2017, the circuit court conducted a case review hearing regarding Baby Girl Arnold. Following receipt of evidence, the circuit court found that Mother is purposely avoiding her arrest warrant and purposely hiding the child from the Children's Division and the court. It further found that Father appeared at the hearing and testified that he now lives in Kansas but refuses to provide his address, has no knowledge of the mother's or child's locations, and has no concern for her safety. The court found Father's testimony not credible.

## Standard of Review

 The appellate court reviews juvenile adjudication proceedings under the standard applied in other court tried civil cases and will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In Interest of R.H.*, 488 S.W.3d 93, 95 (Mo. App. W.D. 2016). It considers the evidence in the light most favorable to the circuit court's ruling and ignores any evidence to the contrary. *Id.*

### Jurisdiction over the Child

In their two points on appeal, Mother and Father contend that the circuit court erred in asserting jurisdiction over the child under section 211.031.1 and the UC-CJEA because the child was neither a resident of nor found within Jackson County, Missouri, her home state was that of Kansas, and Kansas had jurisdiction over her.

Section 211.031.1 states in pertinent part:

1. [T]he juvenile court or the family court in circuits that have a family court ... shall have exclusive original jurisdiction in proceedings:

(1) Involving any child or person seventeen years of age who may be a resident of or found within the county and who is alleged to be in need of care and treatment because:

* * *

(b) The child or person seventeen years of age is otherwise without proper care, custody or support. ...

Both Missouri and Kansas law provide that a child's residence is that of her parents if they live together. *State ex rel. In Interest of R.P. v. Rosen*, 966 S.W.2d 292, 297 (Mo. App. W.D. 1998). If they don't, then it is the residence of the parent having custody of the child. *Id.*

Both the original petition and the amended petition alleged that Mother and Father's address is 4227 Paseo Boulevard in Kansas City, Missouri. They further alleged that Baby Girl Arnold resides in Jackson County, Missouri, and has been found within Johnson County, Kansas. Finally, the petitions alleged that just prior to the birth of the child, Mother and Father attempted to evade Children's Division by going to Nebraska in an attempt to deliver the baby then going to Kansas and delivering the baby there.

Mother and Father did not appear at the adjudication and disposition hearing on the petitions and did not dispute the allegations including their address. Father did appear at a case review hearing in March 2017 and testified that he now lives in Kansas but refused to provide his address. The circuit court found Father's testimony not credible. Furthermore, when Mother and Father filed their notice of appeal in this court, they completed the form in its entirety except for their address, which they left blank. Mother and Father have not updated their address with this court, and our records reflect the last known address of Mother and Father to be 4227 Paseo Boulevard. Mother and Father have provided no proof that they were residing in Kansas on the day Baby Girl Arnold was born or any day after. Missouri was, therefore, the residence of Baby Girl Arnold from the moment of her birth, regardless of the fact that she was born across the state line in Kansas. *See In Interest of R.P.*, 966 S.W.2d at 297 (where parents resided in a homeless shelter in Missouri prior to baby's birth and planned to return there once they left hospital, Missouri was the baby's residence regardless of fact that she was born in Kansas). The Jackson County circuit court, therefore, had jurisdiction to determine Baby Girl Arnold's custody under section 211.031.1. Point one is denied.

Additionally, the UCCJEA authorizes Missouri's exercise of jurisdiction to determine Baby Girl Arnold's custody. Both Missouri and Kansas have adopted the UCCJEA. *Hightower v. Myers*, 304 S.W.3d 727, 732 n.4 (Mo. banc 2010); *In re N.U.*, 52 Kan.App.2d 561, 369 P.3d 984, 991 (Kan. Ct. App. 2016). In Missouri's version, section 452.450 sets out the bases on which a particular state may exercise jurisdiction to decide the custody of a child. *In Interest of R.P.*, 966 S.W.2d at 298. Kansas has a

substantially similar provision. *See* K.S.A. 2016 Supp. § 23-37,201. Section 452.740 provides in full:

1. Except as otherwise provided in section 452.755, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months prior to the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 452.770 or 452.775, and:

(a) The child and the child's parents, or the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence; and

(b) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

(3) All courts having jurisdiction under subdivisions (1) and (2) of this subsection have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 452.770 or 452.775; or

(4) No state would have jurisdiction under subdivision (1), (2) or (3) of this subsection.

2. Subsection 1 of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

3. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

The UCCJEA's primary purpose is to promote uniformity of the law with respect to the enforcement of child custody determinations across state lines among those states that have enacted the UCCJEA. *In re E.T.*, No. 111971, —— Kan.App.2d ——, ——, 344 P.3d 397, 2015 WL 1125364, at *8 (Kan. Ct. App. March 6, 2015).

The UCCJEA prioritizes home state jurisdiction over all other jurisdictional bases for initial custody orders. § 452.740; *DeWitt v. Lechuga*, 393 S.W.3d 113, 118 (Mo. App. W.D. 2013). It is only when a child has no home state or her home state has declined to exercise jurisdiction that a court looks at the other factors enumerated in the UCCJEA. § 452.740. "Home state" is defined as

the state in which a child has lived with a parent or a person acting as a parent for at least six consecutive months immediately prior to the commencement of a child custody proceeding. *In the case of a child less than six months of age, the term means the state in which the child has lived from birth with any of the persons mentioned.* A period of temporary absence of any of the mentioned persons is part of such period.

§ 452.705(8)(emphasis added). *See also* K.S.A. 2016 Supp. § 23-37,102(8). Because Baby Girl Arnold was less than six months of age when the original petition was filed in this case, her home state was the state in which she lived from birth with a parent or a person acting as a parent.

Missouri did not meet the definition of the child's home state under the UCCJEA. The child was born in a hospital in Kansas on October 29, 2016, and a few days later placed in protective custody of the Kansas DCF with a relative in Kansas. On Novem-

ber 4, 2016, the date the proceeding commenced when the original petition was filed in Jackson County, Missouri, Baby Girl Arnold had not lived from birth in Missouri with her parents or a person acting as a parent. *See In Interest of R.P.*, 966 S.W.2d at 300 (Missouri was not home state of an infant living with a person acting as a parent in Missouri, pursuant to DFS placement, because she was born in Kansas). Baby Girl Arnold had, however, lived from birth in Kansas with a person acting as a parent. Kansas, therefore, was the child's home state.

Kansas, however, declined to exercise jurisdiction over the child. Specifically, on November 9, 2017, the Johnson County, Kansas district court released custody of the child for the following reason, "Court involvement in Kansas is no longer necessary. The child has been placed in Missouri State custody where her siblings are already in custody." Under section 452.740.1(2), a Missouri court has jurisdiction if a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is a more appropriate forum and two factors are met:

> (a) The child and the child's parents, or the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence; and
>
> (b) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

§ 452.740.1(2). Both factors are met in this case.

Baby Girl Arnold and Mother and Father have significant connections to Missouri. The child's siblings have been under the jurisdiction of the Jackson County circuit court since 2015. They are in the legal custody of Missouri's Children's Division.

Mother and Father lived in Missouri during the time relevant to the sibling's cases, and their last known address is in Jackson County, Missouri. Although Father testified at the March 2017 case review hearing that he now lives in Kansas, he refused to provide his address, and the circuit court specifically found his testimony not credible. Mother and Father further refused to provide this court with a new address when they filed this appeal. While Baby Girl Arnold was born in Kansas, the juvenile officer's petitions alleged that Mother and Father attempted to evade Children's Division by going to Nebraska in an attempt to deliver the baby then going to Kansas and delivering the baby there. Mother and Father have provided no evidence to dispute this allegation. Mother's and Father's criminal cases involving their alleged abuse of one of the child's siblings are pending in Missouri. Moreover, substantial evidence is available in Missouri concerning the child's care, protection, training and personal relationships. Missouri has evidence concerning Mother's and Father's abusive and neglectful behavior toward the child's siblings, which is relevant to the child's care and protection. The Jackson County circuit court, therefore, had authority to exercise jurisdiction over Baby Girl Arnold under the UCCJEA. Point two is denied.

The judgment is affirmed.

All concur.