In the
 Missouri Court of Appeals
 Western District

 
 JENNIFER L. SCHUTTER, 
  WD84011
 Respondent,  OPINION FILED:
 v. 
  August 24, 2021
 PAUL J. SEIBOLD, 
 
 Appellant. 
 
 

 Appeal from the Circuit Court of Platte County, Missouri
 The Honorable Abe Shafer, V, Judge

 Before Division One:
 Anthony Rex Gabbert, P.J., Edward R. Ardini, Jr., and Thomas N. Chapman, JJ.

 Paul Seibold (“Father”) appeals from the judgment dismissing domestic proceedings

pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), sections

452.700 to 452.930, RSMo 2016. Father raises two points on appeal. He contends that the trial

court erred in (1) failing to make findings of fact and conclusions of law that he requested under

Rule 73.01(c) and (2) dismissing his family access motion and motion to quash Jennifer

Schutter’s (“Mother”) garnishment of his wages under sections 452.745 and 452.770. The

judgment is affirmed in part and reversed in part, and the case is remanded to the trial court for

further proceedings consistent with this opinion.
 Factual and Procedural Background

 Father and Mother were married in November 2002 and had one child (“Son”), born in

July 2009. Son is a special needs child who requires extensive medical care and 24-hour

assistance and supervision. Father is an information technology sales specialist with Cisco

Systems. Mother is a physician.

 Mother filed a petition for dissolution of marriage, and a trial was held over several days

in 2013 (original Platte County Circuit Court Case No. 12AE-CV00757). On March 25, 2014,

the trial court entered an “Amended Judgment,” dissolving the marriage and awarding Mother

sole legal custody and awarding the parties joint physical custody of Son (subcase no. 12AE-

CV00757-01). Father was ordered to pay $2,620 per month in child support, plus an arrearage of

$31,410.

 On June 19, 2014, the trial court granted Mother’s post-trial motion to re-open the

evidence and set aside the March 2014 Amended Judgment as to the property and debt division

and attorney’s fees and expenses. On September 2, 2014, on Mother’s motion, and with Father’s

agreement, the trial court issued a “Temporary Injunction” restraining Father from exercising

unsupervised parenting time with Son and giving Mother temporary sole legal and physical

custody of Son until further order of the court.

 On May 20, 2016, after hearing further evidence, the trial court issued what it entitled a

“Nunc Pro Tunc Amended Judgment” regarding the property, debt, and fee issues (in subcase no

12AE-CV00757-02). The trial court ordered Father to pay Mother a cash equalization payment

of $156,098. The judgment stated that all orders regarding Son were contained in the March

2014 Amended Judgment and the September 2014 Temporary Injunction.

 2
 Father appealed to this court, challenging, among other things, aspects of the property

division. On November 16, 2016, pending Father’s appeal, the trial court entered a temporary

order allowing Mother to relocate with Son to Texas. Thereafter, both parties filed motions to

modify.

 Beginning in August 2017, Mother filed four garnishment applications on Father’s wages

with his employer (Cisco Systems) to collect the property division and attorney’s fees judgments

entered against Father in the dissolution (in subcase 12AE-CV00757-02).

 This court found that the trial court had (in its 2016 Nunc Pro Tunc Amended Judgment)

erred in classifying one of Father’s retirement accounts as marital property and in awarding it to

Mother. We remanded the case to the trial court to set aside the account to Father as his

nonmarital property and to adjust the marital property division; and affirmed the judgment in all

other respects. Schutter v. Seibold, 540 S.W.3d 494, 506 (Mo. App. W.D. 2018).

 On remand, on April 25, 2018, the trial court entered its “First Amended Nunc Pro Tunc

Amended Judgment” regarding property, debt, and fees (in subcase 12AE-CV00757-02). In its

re-division of marital property, the trial court ordered Father to pay Mother a cash equalization

payment of $156,098 plus another $26,457 to offset the nonmarital retirement account awarded

to Father. The judgment again stated that all orders regarding Son were contained in the March

2014 Amended Judgment and the September 2014 Temporary Injunction.

 On January 17, 2019, the trial court entered a “Judgment of Modification” approving

Mother’s relocation to Texas with Son and modifying custody and child support. It awarded

Mother sole legal and physical custody, and ordered Father to pay $3,296 per month in child

support (in subcase no. 12AE-CV00757-04). Three weeks later, the trial court set aside the

Judgment of Modification on its own motion. On March 7, 2019, the trial court entered a “First

 3
Amended Judgment of Modification,” which approved Mother’s relocation to Texas with Son,

awarded Mother sole legal custody and the parties joint physical custody of Son, and ordered

Father to pay $3,000 per month in child support. The March 2019 modification judgment also

provided a parenting time schedule for Father’s supervised visits in Kansas City and Texas, and

ordered that Father have access to Son’s medical and school records.

 The instant action began on November 1, 2019, when Father filed a motion to modify

alleging a substantial and continuing change of circumstances justifying modification of custody

and support, claiming that Mother had denied all contact between Father and Son and claiming

significant changes in the parties’ incomes (subcase no. 12AE-CV00757-07). In an amended

motion, Father also alleged that Mother was improperly medicating Son and preventing Father

from having access to Son’s medical records. On December 5, 2019, Father also filed a motion

for a family access order, which was filed within the modification subcase file (subcase no.

12AE-CV00757-07). In his family access motion, Father alleged that Mother was violating the

March 2019 First Amended Judgment of Modification by denying him all contact and parenting

time with Son.

 On January 3, 2020, Mother filed a motion to dismiss, alleging that on October 11, 2019,

the March 2019 First Amended Judgment of Modification was registered in Tarrant County,

Texas; that Father was served with the Tarrant County, Texas registration of foreign judgment

and provided with specific instructions and a time period to object to the registration; that, to the

best of her knowledge, Father did not object to the registration; and that the time for Father to

object had passed.1 She argued that the appropriate jurisdiction to file pleadings was in the case

1
 Texas adopted the UCCJEA in 1999. See TEX. FAM. CODE §§ 152.001—152.317. Mother attached to her
motion to dismiss her October 11, 2019 request to register three orders/judgments—the November 16, 2016

 4
in Tarrant County, Texas, and asked the court to “dismiss with prejudice all actions in this case.”

In her first amended motion to dismiss, Mother argued that the trial court lost continuing,

exclusive jurisdiction because Mother and the child no longer reside in Missouri and substantial

evidence no longer exists here. Alternatively, she argued that if the court found that it still has

jurisdiction, it should decline to exercise jurisdiction because Texas is a more convenient forum.

 On May 26, 2020, Mother filed (in subcase 12AE-CV00757-02) a “Statement of

Judgment Balance Remaining Due,” reporting receipt of $0 from Cisco Services during any

previous reporting periods and $10,393.56 in the previous six months, and a total unsatisfied

judgment balance remaining due of $53,638.20. On May 28, 2020, Father filed an amended

motion for temporary orders of custody and child support. On June 11, 2020, (in subcase no.

12AE-CV00757-07) Father filed a motion to quash garnishment of his wages, alleging that

Mother was garnishing more than the law allowed.2

temporary order allowing Mother to relocate with Son to Texas, the April 25, 2018 First Amended Nunc Pro Tunc
Amended Judgment, and the March 7, 2019 First Amended Judgment of Modification—in the District Court of
Tarrant County, Texas, under TEX. FAM. CODE section 152.305. The trial court’s judgment dismissing this case
notes that it confirmed through the clerk’s office in Tarrant County that Mother and Father have a case currently
pending in that court, Case No. 36067057819.
2
 Father’s motion to quash garnishment, filed in subcase no. 12AE-CV00757-07, referred to Mother’s efforts to
garnish his wages which were being pursued in subcase no. 12AE-CV00757-02.
 At oral argument Mother/Respondent discussed the fact that there were ongoing proceedings regarding her
efforts at garnishment in a separate subcase, and argued that Father should have filed his motion to quash
garnishment in the 12AE-CV00757-02 subcase and could continue to seek to do so in that subcase.
 In his reply at oral argument, Father’s counsel indicated (even though the judgment being appealed addressed all
subcases, even though his legal file and brief include documents respecting those garnishment efforts, and even
though Father was specifically appealing the trial court’s dismissal of his motion to quash garnishment) that he was
“not involved in the 02 case” and was not “apprised of it.” Father’s counsel nevertheless then proceeded to explain
that, in the 12AE-CV00757-02 subcase, Mother had filed (pro se) a satisfaction of judgment and that she had since
hired an attorney and was currently seeking to set aside said satisfaction of judgment, and that Father was seeking a
stay of those garnishment efforts in the 12AE-CV00757-02 subcase, pending results of this appeal.
 Our record on appeal does not include the purported satisfaction of judgment; nor does it include Mother’s
pleading seeking to set aside the purported satisfaction of judgment in the 12AE-CV00757-02 subcase.
 After oral argument, Mother filed with this court a letter questioning the authenticity of the purported satisfaction
of judgment, and indicating that Father’s counsel had made statements at oral argument that were not accurate.
Father’s appellate counsel, in turn, filed a letter with this court indicating that he had merely looked at the Case.Net
entries in subcase no. 12AE-CV00757-02 when discussing (at oral argument) the purported satisfaction of judgment,

 5
 On July 20, 2020, a videoconference hearing was held. Mother, who was pro se, took up

her motion to dismiss along with other motions. Father, who was also pro se, sought to take up

his motion to modify along with other motions. The trial court heard testimony and argument

from Mother and Father, as well as argument from the guardian ad litem, regarding Mother’s

motion to dismiss. Father opposed Mother’s motion to dismiss, arguing that the trial court had

continuing jurisdiction over the case and that the registration of the judgment in Texas did not

change that. The guardian ad litem argued that Texas was a more appropriate forum because it

had been Son’s home state for three years and was the location of his schooling, activities, and

doctors and that she had not been able to perform her duties as guardian ad litem because she

was not able to see the child or communicate with his academic and medical providers. At the

end of the hearing, the trial court stated that it would “consider the jurisdictional and forum

issues before we do anything else,” and depending on how it ruled on that, “we’ll decide how

best to proceed.”

 On July 21, 2020, the trial court entered an “Order Declining Jurisdiction and Order

Staying Proceedings,” finding that it did not have exclusive and continuing jurisdiction under

section 452.745.1(1), and that even if it did have jurisdiction, jurisdiction should be declined

under section 452.770, and that Tarrant County, Texas, was a more appropriate forum for the

issues concerning the care, visitation, custody, and control of Son. It stayed the case for 30 days

so that the parties could register or file whatever action in Texas they deemed appropriate, at the

end of which “all pending matters here in Missouri should be dismissed.” It also ordered a copy

and that he was not then aware of the challenges to its authenticity. Father’s appellate counsel indicated that he had,
upon being prompted by Mother’s letter to this Court, further investigated her efforts to set aside the purported
satisfaction of judgment, and had only then become aware of the significant challenges to its authenticity. With
consent of Father, appellate counsel was granted leave to withdraw as his counsel in this appeal.

 6
of the order transmitted to the case in the District Court of Tarrant County, Texas. Father filed a

motion to amend the order and a motion to denominate it a “judgment.”

 On August 20, 2020, the trial court entered a “Judgment of Dismissal,” which confirmed

its Order finding that it lacked exclusive and continuing jurisdiction under section 452.745.1(1),

but that, even if it did have jurisdiction, it should be declined under section 452.770, and that

Tarrant County, Texas, was a more appropriate forum. The caption of the Judgment of Dismissal

indicated it was being entered in “Case No. 12AE-CV00757 (and all subcases).” The judgment

ordered that “this matter, and all motions now pending by and between the parties in this case, or

any sub-case, are hereby dismissed.” This appeal by Father followed.

 Father raises two points on appeal. In his first point, he contends that the trial court erred

in failing to make findings of fact and conclusions of law that he requested under Rule 73.01(c).

In point two, he asserts that the trial court erred in dismissing his family access motion and

motion to quash Mother’s garnishment of his wages under sections 452.745 and 452.770.

 Failure to Make Findings Under Rule 73.01(c)

 In his first point on appeal, Father contends that the trial court erred in not making

findings of fact and conclusions of law on the issues that he requested under Rule 73.01(c). Rule

73.01(c) provides, in pertinent part:

 If a party so requests, the court shall dictate to the court reporter or prepare and
 file a brief opinion containing a statement of the grounds for its decision and the
 method of deciding any damages awarded.

 The court may, or if requested by a party shall, include in the opinion findings on
 the controverted material fact issues specified by the party. Any request for an
 opinion or findings of fact shall be made on the record before the introduction of
 evidence at trial or at such later time as the court may allow.

 7
(emphasis added). “Where a party properly requests findings of specific fact issues, the

provisions of Rule 73.01(c) are mandatory.” Hall v. Utley, 443 S.W.3d 696, 705 (Mo. App. W.D.

2014). Failure to prepare specific findings of fact requested by a party under Rule 73.01(c) is

error and mandates reversal when such failure materially affects the merits of the action or

interferes with appellate review. Id.; Plager v. Plager, 426 S.W.3d 689, 693 (Mo. App. E.D.

2014). A trial court is not obligated to make findings of fact unless a proper request for same is

timely made by a party pursuant to Rule 73.01(c). Smith v. State, 592 S.W.3d 829, 832 n.5 (Mo.

App. W.D. 2020). Rule 73.01(c) does not require that a party’s request for findings of fact and

conclusions of law be in writing. Dorman v Dorman, 91 S.W.3d 167, 169-170 (Mo. App. W.D.

2002).

 In the instant matter, Father made no oral record of his request for findings of fact and

conclusions of law before the introduction of evidence at the July 20, 2020 hearing. The hearing

began at 8:57 a.m. At 9:01 a.m., Father sent an email to the circuit clerk which included as an

attachment a Rule 73.01(c) motion for findings of fact and conclusions of law attached. Father

did not apprise the court (or Mother) of his email that included his requested findings of fact and

conclusions of law. Nor did Father include Mother as a recipient of his email. His motion was

later file-stamped on July 22, 2020.

 In its judgment, the trial court found:

 Prior to the hearing held on July 20th, 2020, neither party made a timely or proper
 request for findings under Rule 73.01. Therefore, the Court has not stated all of
 its findings and it has made additional findings on the statutory factors (and non-
 statutory) that this Court must consider that relate to the issues in this case,
 whether or not the findings are specifically stated. The additional findings that
 are not specifically stated in this order are consistent with the orders made herein.

 8
 At oral argument, Father’s counsel conceded that there is nothing in our record that

would indicate that either the trial court or Mother were given notice of his request for findings

of fact and conclusions of law prior to the introduction of evidence. Father acknowledges that he

did not make an oral record of his request at the hearing, and that the record indicates the he did

not copy Mother on the email which purported to file the request. Father nevertheless argues that

his request for specific findings of fact and conclusions of law, which was emailed to the clerk

before the introduction of evidence, sufficed; and that the trial court was required to make such

findings and conclusions of law because his motion was deemed “filed” when the clerk received

it (not when it was later filed-stamped).

 Rule 73.01(c)’s requirement that a record of the request of findings of fact and

conclusions of law be made prior to the introduction of evidence puts the parties and the trial

court on notice that they will be required to address certain controverted facts, and the legal basis

for claims or defenses, with some particularity. Father ignores the purpose of Rule 73.01(c), and

argues that it is the purported filing of the motion which matters – even if the record lacks any

record of actual notice to the parties or trial court prior to the introduction of evidence. To the

contrary, the timing of the required request (before the introduction of evidence), and the

requirement of a record of that request, makes it clear that the intent of Rule 73.01(c) is to put the

parties and the trial court on notice prior to the introduction of evidence. It is the timing and

substance of the request (and the record putting the parties on notice of same) that matters. In

fact, so long as a record is made with sufficient particularity regarding the requested findings of

fact and conclusions of law, and so long as a record of the request is made prior to the

introduction of evidence, the request need not be filed in written form. Dorman, 91 S.W.3d at

169.

 9
 Even if Rule 73.01(c) did countenance the filing of a motion after the commencement of

a hearing, and without actual notice to the parties, Father’s argument still fails, as he did not

properly file his request for findings of fact and conclusions of law. Rule 43.02 governs the

filing of pleadings and other papers. Rule 43.02(a) provides, “All papers after the petition

required to be served upon a party and filed with the court shall be filed either before service or

within five days thereafter.” Rule 43.01 requires parties to serve other parties with written

motions and other papers filed in connection with a case. Irvin v. Palmer, 580 S.W.3d 15, 20

(Mo. App. E.D. 2019); Rule 43.01(a)(2) (“Each party shall be served with…[e]very written

motion, other than one that may be heard ex parte[.]”). Service upon a self-represented party

may be made by delivering or mailing a copy to the party, by facsimile transmission, by

electronic mail, or by serving a copy in the manner provided for service in Rule 54.13. Rule

43.01(c)(2). Service may be shown by acknowledgement of receipt of the pleading or paper or

by written certificate of service of the person making such service. Rule 43.01(e).

 Father did not properly request findings of fact pursuant Rule 73.01(c). Father’s written

request in the form of a motion for findings of fact and conclusions of law did not contain a

certificate of service indicating service on Mother as required by Rule 43.01(e). Father did not

copy Mother on the email or otherwise serve Mother with his motion under Rule 43.01(c)(2). He

did not orally request findings of fact during the hearing. Neither the trial court nor Mother

received notice of Father’s motion before introduction of the evidence. As such, and in

accordance with the rules, the trial court did not err in failing to make findings of fact. See

Thomas v. Thomas, 989 S.W.2d 629, 633 (Mo. App. W.D. 1999) (where father’s motion to

modify did not contain a certificate of service indicating service on opposing counsel and

 10
personal service did not occur until two days after trial started, trial court did not err in refusing

to consider motion to modify).

 The point is denied.

 Dismissal of the Case Under the UCCJEA

 In Father’s second point on appeal, he contends that the trial court erred in dismissing

(pursuant to sections 452.745 and 452.770 of the UCCJEA) his motion to quash Mother’s

garnishment of his wages and his family access motion. He argues that the trial court misapplied

the law in dismissing the motions because sections 425.745 and 452.770 only govern Missouri’s

jurisdiction to make child custody determinations and do not govern any other proceedings. 3

 In a court tried case, the judgment of the trial court will be affirmed on appeal unless

there is no substantial evidence to support it, it is against the weight of the evidence, or it

erroneously declares or applies the law. Blanchette v. Blanchette, 476 S.W.3d 273, 277-78 (Mo.

banc 2015). Whether Missouri has jurisdiction to determine custody under the UCCJEA is a

legal question that is reviewed de novo. Id. at 277.

 In interpreting statutes, the court “must ascertain the intent of the legislature by

considering the plain and ordinary meaning of the terms and give effect to that intent if possible.”

Cosby v. Treasurer of State, 579 S.W.3d 202, 206 (Mo. banc 2019) (internal quotes and citation

omitted). “In determining the intent and meaning of statutory language, the words must be

considered in context and sections of the statutes in pari materia, as well as cognate sections,

3
 “[I]n light of J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009), Missouri courts interpret the
UCCJEA jurisdictional provisions to dictate whether a Missouri court has the statutory authority to grant relief in a
particular matter, not whether a Missouri court has subject matter jurisdiction.” Blanchette v. Blanchette, 476
S.W.3d 273, 279 (Mo. banc 2015). Because the relevant statutes use the term “jurisdiction” rather than “authority,”
this opinion will also use the term “jurisdiction” when discussing the trial court’s authority to grant relief in this
case.

 11
must be considered in order to arrive at the true meaning and scope of the words.” Id. (internal

quotes and citation omitted). “When the legislature provides a statutory definition, it supersedes

the commonly accepted dictionary or judicial definition and is binding on the courts.” Id. at 207

(internal quotes and citation omitted). In interpreting a uniform act, decisions from other states

may provide guidance. Curtis v. James, 459 S.W.3d 471, 475 (Mo. App. E.D. 2015).

 In Missouri, child custody jurisdiction is governed by the UCCJEA. Blanchette, 476

S.W.3d at 279. Section 452.740 governs initial child custody determinations and prioritizes

home state jurisdiction over all other jurisdictional bases. In re Arnold, 532 S.W.3d 712, 717

(Mo. App. W.D. 2017). It is undisputed that the trial court had jurisdiction under section 452.740

to make the initial custody determination in March 2014 in the original dissolution proceeding.

 Section 452.745.1 provides that a court that has made an initial child custody

determination “has exclusive continuing jurisdiction over the determination” until certain

determinations under the statute are made.4 A court that has continuing jurisdiction under section

4
 Section 452.745 provides, in full:

 1. Except as otherwise provided in section 452.755, a court of this state that has made a child
 custody determination consistent with section 452.740 or 452.750 has exclusive continuing
 jurisdiction over the determination until:

 (1) A court of this state determines that neither the child, the child and one parent, nor the
 child and a person acting as a parent have a significant connection with this state, and that
 substantial evidence is no longer available in this state concerning the child’s care,
 protection, training and personal relationships; or
 (2) A court of this state or a court of another state determines that neither the child, nor a
 parent, nor any person acting as a parent presently resides in this state.

 2. A court of this state that has exclusive continuing jurisdiction under this section may decline to
 exercise its jurisdiction if the court determines that it is an inconvenient forum under section
 452.770.

 3. A court of this state that has made a child custody determination and does not have exclusive
 continuing jurisdiction under this section may modify that determination only if it has jurisdiction
 to make an initial determination under section 452.740.

 12
452.745 to make a child custody determination may, however, decline to exercise its jurisdiction

if it determines that it is an inconvenient forum under section 452.770. § 452.745.2. Section

452.770 lists several factors that a court must consider in determining whether it is an

inconvenient forum.5 The parties do not dispute that the trial court had exclusive continuing

jurisdiction regarding child custody when, in March 2019, it approved Mother’s relocation to

Texas with Son and also modified custody.

5
 Section 452.770 provides, in full:

 1. A court of this state that has jurisdiction under sections 452.700 to 452.930 to make a child
 custody determination may decline to exercise its jurisdiction at any time if the court determines
 that it is an inconvenient forum under the circumstances and that a court of another state is a more
 appropriate forum. The issue of inconvenient forum may be raised upon the court’s own motion, at
 the request of another court or upon motion of a party.

 2. Before determining whether the court is an inconvenient forum, a court of this state shall
 consider whether it is appropriate that a court of another state exercise jurisdiction. For this
 purpose, the court shall allow the parties to submit information and shall consider all relevant
 factors, including:

 (1) Whether domestic violence has occurred and is likely to continue in the future and
 which state could best protect the parties and the child;
 (2) The length of time the child has resided outside this state;
 (3) The distance between the court in this state and the court in the state that would
 assume jurisdiction;
 (4) The relative financial circumstances of the parties;
 (5) Any agreement of the parties as to which state should assume jurisdiction;
 (6) The nature and location of the evidence required to resolve the pending litigation,
 including the testimony of the child;
 (7) The ability of the court of each state to decide the issue expeditiously and the
 procedures necessary to present the evidence; and
 (8) The familiarity of the court of each state with the facts and issues of the pending
 litigation.

 3. If a court of this state determines that it is an inconvenient forum and that a court of another
 state is a more appropriate forum, the court shall stay the proceedings on the condition that a child
 custody proceeding be promptly commenced in another designated state and may impose any
 other condition the court considers just and proper.

 4. A court of this state may decline to exercise its jurisdiction under sections 452.700 to 452.930 if
 a child custody determination is incidental to an action for divorce or another proceeding while
 still retaining jurisdiction over the divorce or other proceeding.

 13
 The instant action was initiated on November 1, 2019, when Father filed his motion to

modify. Thereafter, he filed several other motions, including a motion for temporary orders of

custody and child support, a family access motion, and a motion to quash Mother’s garnishment

of his wages. The trial court determined that it did not have exclusive continuing jurisdiction

under section 452.745 and that, even if it did have exclusive continuing jurisdiction, it was an

inconvenient forum and Tarrant County, Texas, was a more appropriate forum under section

452.770. The trial court did not limit its dismissal to any particular cause or claim being

pursued by the parties. Rather, the judgment of dismissal was designated to be filed in the

original dissolution case and all subcases, and ordered that “all motions now pending by and

between the parties in this case, or any sub-case, are hereby dismissed.” Therefore, the judgment

not only dismissed Father’s motions to modify custody and his motion for temporary custody,

but also dismissed his motion to quash garnishment and his family access motion.

 The jurisdictional provisions of sections 452.745 and 452.770 apply to “child custody

determination[s].” A “child custody determination” is defined in the UCCJEA as

 a judgment, decree, or other order of a court providing for the legal custody,
 physical custody, or visitation with respect to a child. The term includes a
 permanent, temporary, initial, or modification order. The term shall not include
 an order relating to child support or other monetary obligation of an individual.

§ 452.705(3).

 Father’s motion to modify custody and his motion for temporary custody sought to

modify the trial court’s March 2019 First Amended Judgment of Modification, which awarded

Mother sole legal custody and the parties joint physical custody of Son, and provided a parenting

time schedule for Father’s supervised visits in Kansas City and Texas. The motions to modify

 14
custody and for temporary custody were therefore subject to the jurisdictional requirements of

sections 452.745 and 452.770.6

 In his second point, Father appeals the dismissal of his motion to quash Mother’s

garnishment of his wages, arguing that sections 452.745 and 452.770 do not apply to the motion.

Mother attempted to garnish Father’s wages to collect property division and attorney’s fees

judgments, and Father’s motion attempted to quash that garnishment. By definition under the

UCCJEA, a child custody determination does “not include an order relating to child support or

other monetary obligation of an individual.” § 452.705(3). The monetary judgments that

Mother attempted to collect by garnishment of Father’s wages were not child custody

determinations, and, similarly, Father’s motion to quash the garnishment did not seek to modify

child custody. Sections 452.745 and 452.770 do not address, and therefore did not deprive, the

trial court’s jurisdiction to execute on the monetary judgments; and, likewise, did not deprive the

trial court of jurisdiction to rule on Father’s motion to quash garnishment.7 The trial court,

therefore, erred in dismissing Father’s motion to quash Mother’s garnishment of his wages.8

6
 In point I, Father does not claim that the trial court necessarily lacked authority to dismiss his motion to modify
custody and motion for temporary custody. Rather, Father claims that the trial court failed to make the requested
findings of fact which would have allowed effective appellate review of its decision to decline jurisdiction on said
motions.
7
 See Lustig v. Lustig, 560 N.W.2d 239, 245 (S.D. 1997) (“Divorce jurisdiction per se is not controlled by the
UCCJA; in fact, a court errs when it dismisses a dissolution based on UCCJA jurisdictional requirements.”
(analyzing same provision in UCCJA as in section 452.770.4)); In re Marriage of Doria, 855 P.2d 28, 30 (Colo.
App. 1993) (while custody issue in dissolution of marriage proceeding could be decided in Massachusetts under the
UCCJA, trial court in dissolution action should not defer to Massachusetts on issues of maintenance and child
support).
8
 The trial court’s judgment of dismissal does not distinguish the separate cases and subcases, and instead makes
clear that it is dismissing for lack of jurisdiction/authority (as provided under the UCCJEA) any and all pending
motions, in all cases and subcases. Mother nevertheless argues that the court did not err in dismissing Father’s
motion to quash her garnishment, because Father should have filed (and could still file) his motion to quash in
subcase no. 12AE-CV00757-02, as it was in that subcase that the garnishment had proceeded (up through the week
prior to oral argument). First, there is nothing in the record that indicates that the trial court dismissed Father’s
motion to quash on that basis. In fact, it is quite clear that the trial court did not focus on the particular subcase

 15
 Father also appeals the dismissal of his family access motion, arguing that such motion

also did not seek a child custody determination and, thus, was not governed by sections 452.745

and 452.770. Section 452.400.3, RSMo 2016, authorizes an aggrieved person to file a family

access motion if a parent denies or interferes with custody or visitation without good cause. If a

parent is found to have not complied with a custody or visitation order without good cause, the

court may order any of the following remedies, including but not limited to, a compensatory

period of visitation not less than the period of time denied; participation by the violator in

counseling regarding the importance of providing the child with continuing and meaningful

contact with both parents; assessment of a fine; requiring the violator to post bond or security to

ensure future compliance; and an award of reasonable expenses incurred as a result of denial or

interference, including attorney fees. § 452.400.6 and .8.

 Although the trial court found that it did not have exclusive continuing jurisdiction to

modify child custody and that, even if it did, Missouri was an inconvenient forum, sections

452.745 and 452.770 did not deprive the trial court of jurisdiction to rule on Father’s family

access motion. A family access motion does not seek a child custody determination; rather it

seeks to enforce an existing custody or visitation determination. The UCCJEA does not

expressly address the enforcement of a custody determination made by a court of a state that no

number, as it ordered that all pending motions should be dismissed in the original case and in all subcases (in
accordance with the UCCJEA). Even if Father’s filing in the wrong subcase number had been the trial court’s basis
for dismissal of the motion to quash, we would find that reason unavailing. See Staten v. State, 624 S.W.3d 748,
752 (Mo. banc 2021), where our Supreme Court declined to find that the trial court lacked jurisdiction to enter a
post-conviction judgment, simply because the case had proceeded as a subcase of the criminal case, rather than as a
separately filed civil case (which is preferred):
 This Court is loath to find the motion court lacked jurisdiction just because the case number
 affixed to the judgment contained the same numbers and letters as the underlying criminal action
 when the Rule 24.035 motion was otherwise legally considered and disposed….Such a finding
 would prioritize form over substance.

 16
longer has jurisdiction to modify that determination under section 452.745. In re Marriage of

Medill, 40 P.3d 1087, 1096 (Or. Ct. App. 2002). The UCCJEA does, however, contain extensive

provisions concerning the enforcement of a child custody determination made by another state.

See §§ 452.850 to 452.915. The statutory definition of “child custody proceeding” in section

452.705(4) specifically excludes “enforcement under sections 452.850 to 452.915.”9 “That

definition suggests that a child custody determination does not include an order enforcing an

existing custody determination.” Medill, 40 P.3d at 1096. Such interpretation is also consistent

with the definition of a child custody determination as “a judgment, decree, or other order of a

court providing for the legal custody, physical custody, or visitation with respect to a child.” §

452.705(3) (emphasis added). See also Medill, 40 P.3d at 1096-97. A ruling on a family access

motion does not provide for child custody or visitation but merely enforces an existing child

custody determination.

 A trial court’s loss of jurisdiction to modify the existing custody determination does not

render that determination unenforceable. Medill, 40 P.3d at 1097. If it did, parties could be left

without an enforceable custody determination if another court fails to exercise jurisdiction. Id.

A trial court has inherent power to enforce its own judgments and should see to it that such

judgments are enforced when called upon to do so. State ex rel. Cullen v. Harrell, 567 S.W.3d

633, 639 (Mo. banc 2019). Indeed, section 452.400.3 requires the trial court to “mandate

9
 “Child custody proceeding” is defined as:

 [A] proceeding in which legal custody, physical custody, or visitation with respect to a child is an
 issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency,
 guardianship, paternity, termination of parental rights, and protection from domestic violence in
 which the issue may appear. The term shall not include a proceeding involving juvenile
 delinquency, contractual emancipation, or enforcement under sections 452.850 to 452.915.

§ 452.705(4).

 17
compliance with its [custody or visitation] order by all parties to the action” and authorizes the

filing of a family access motion if custody or visitation is denied or interfered with by a parent

without good cause. Furthermore, section 452.790 of the UCCJEA provides:

 A child custody determination made by a court of this state that had jurisdiction
 under sections 452.700 to 452.930 binds all persons who have been served in
 accordance with the laws of this state or notified in accordance with section
 452.762 or who have submitted to the jurisdiction of the court, and who have been
 given an opportunity to be heard. The determination is conclusive as to them as
 to all decided issues of law and fact except to the extent the determination is
 modified.

As noted above, it is undisputed that the trial court had jurisdiction under section 452.740 to

make the initial custody determination in March 2014 in the original dissolution proceeding and

that it had exclusive continuing jurisdiction under section 452.745 to modify child custody in

March 2019. Under section 452.790, the latest custody determination, the March 2019 First

Amended Judgment of Modification, is binding on the parties unless and until that determination

is modified by a court of competent jurisdiction. Thus, unless and until the custody

determination is modified by a court having jurisdiction, the trial court has authority to enforce

the current determination even though it may have lost jurisdiction to modify it.10 However, the

trial court is not authorized to impose additional or different parenting time or a change of

custody as a remedy for noncompliance with the custody determination. Medill, 40 P.3d at 1097.

10
 See Ex parte Stouffer, 214 So.3d 1192, 1198 (Ala. Civ. App. 2016) (section of UCCJEA governing trial court’s
exclusive continuing jurisdiction does not address jurisdiction of trial court to enforce its own orders and judgment);
Heilig v. Heilig, No. W2013-01232-COA-R3-CV, 2014 WL 820605, at *5 (Tenn. Ct. App. Feb. 28, 2014)
(Tennessee court retained jurisdiction to enforce Tennessee consent order requiring mother to cooperate with father
in obtaining passports for children even though all parties moved from Tennessee but no other court had assumed
jurisdiction to enter a contrary custody determination order); Medill, 40 P.3d at 1096-97 (while trial court lacked
jurisdiction under the UCCJEA to decide father’s motion and order to show cause seeking to modify child custody,
the trial court erred in dismissing the portion of father’s motion and order to show cause seeking to hold mother in
contempt for violations of existing custody determination and to impose sanctions for that violation).

 18
A judgment imposing any such sanction would constitute a child custody determination because

it would be “a judgment, decree, or other order of a court providing for the legal custody,

physical custody, or visitation with respect to a child.” § 452.705(3). The trial court erred in

dismissing Father’s family access motion under sections 452.745 and 452.770. The point is

granted.

 Conclusion

 The judgment dismissing Father’s motion to quash garnishment of his wages and his

family access motion is reversed, and the case is remanded for further proceedings. The

judgment is affirmed in all other respects.

 Thomas N. Chapman, Judge

All concur.

 19